# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**WILLIAM WADDELL,**                                                                             **PLAINTIFF,**

    **VS.**                                                                         **CIVIL ACTION 4:04CV226-P-B**

**RAJNIKANT DAYA d/b/a LEVEE INN,**                                                     **DEFENDANT**

**Consolidated with**

**WILLIAM E. PRINCE,**                                                                **PLAINTIFF,**

    **VS.**                                                                          **CIVIL ACTION 4:04CV259-P-B**

**RAJNIKANT DAYA d/b/a LEVEE INN,**                                                     **DEFENDANT**.

## <u>ORDER</u>

This matter comes before the court upon Defendant's Fourth Motion in Limine to Exclude the Plaintiffs' Damages Experts [41-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

The defendant moves the court to exclude any damages experts in this case . The defendant argues that the plaintiffs have provided no report or opinions regarding a damages expert. The plaintiff responds that Plaintiff Waddell claims no permanent physical damages, therefore he needs no testimony of a physician. Plaintiff Prince points out that the defendant deposed his treating physician and therefore knows the full nature and extent of his testimony. Plaintiff Prince also urges that since the defendant has made no written or verbal demand for supplementation of Prince's physician testimony and has not filed a motion to compel same, the defendant has waived his right to complain. In rebuttal, the defendant maintains that the plaintiffs

never specifically identified which experts they intended to use for damages, but rather they merely referred to the persons named in the medical records. Further, the defendant argues that neither of the plaintiffs have provided opinions outside of the medical records.

Local Rule 26.1(A)(2)(f) provides that "A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and the opinions held by the treating physician(s) and a summary of the grounds therefor." Since the defendant does not dispute that he was able to depose Plaintiff Prince's treating physician, the court is of the opinion that said physician should be allowed to testify based on what is contained in the medical records and what he testified to in his deposition.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Fourth Motion in Limine to Exclude the Plaintiffs' Damages Experts [41-1] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as Plaintiff William Waddell will not be allowed to present any expert testimony as to damages; whereas

(3) The motion is denied insofar as Plaintiff William Prince may proffer the testimony of his treating physician only to the extent said testimony is reflected in the medical records and the deposition of the treating physician.

**SO ORDERED** this the 19th day of December, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE